

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-18-00069-CV

CARTER WIND ENERGY AND                                              APPELLANTS
TEXAS CENTRAL RESOURCES
LLC

V.

ERWIN LEE HARVEY, SR. AND                                              APPELLEES
JAY WARNE CARTER, JR.

----------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 181,517-B

----------

## MEMORANDUM OPINION[1] ON REHEARING

----------

Appellants Carter Wind Energy and Texas Central Resources LLC,

attempt to appeal the trial court's order approving the receiver's report of sale.

---

[1]*See* Tex. R. App. P. 47.4.

Appellee Erwin Lee Harvey, Sr. has filed a motion to dismiss the appeal as moot, for lack of standing, and for lack of capacity. Appellants have filed a response.[2]

This case arises from a partition suit between Harvey and Appellee Jay Warne Carter, Jr. In a separate case, this court affirmed the trial court's order that appointed a receiver and authorized a public sale of the subject property. *Carter v. Harvey*, 525 S.W.3d 420 (Tex. App.—Fort Worth 2017, no pet.). Since we did so, the trial court and the receiver went forward with the public sale. On November 8, 2017, the receiver filed a report of sale informing the trial court that he had accepted a bid from Harvey to purchase the property. On December 21, 2017, the trial court held a hearing at which the receiver testified to Harvey's bid and a second bid that was submitted by Texas Central Resources, LLC.

On January 24, 2018, the trial court entered an order approving the receiver's report of sale.

On February 8, 2018, Appellants filed a "Notice of Appearance and Motion to Delay Closing," which requested the trial court to delay the closing of the sale of the subject property until after the deadline to appeal the order approving the

---

[2]In a prior opinion, we dismissed this case because Appellants failed to respond to Harvey's motion to dismiss. After we issued our dismissal opinion, Appellants filed a motion for rehearing and a request that they be allowed an opportunity to respond to Harvey's motion. We granted Appellants' motion and request and withdrew our prior opinion.

2

sale had passed. This was the first and only pleading filed by Appellants. The trial court denied the motion on February 8, 2018, the same day it was filed.

Harvey asserts that Appellants lack standing to appeal the trial court's order approving the report of sale because they did not attempt to intervene in the proceedings until after the order was entered. He is correct. Generally, an attempt to intervene in a suit after a final judgment has been entered is untimely unless the judgment is set aside. *Texas Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008); *State v. Naylor*, 330 S.W.3d 434, 439 (Tex. App.—Austin 2011), *aff'd*, 466 S.W.3d 783 (Tex. 2015). Though there are some exceptions to this rule, Appellants have not argued that any are applicable, nor do we view any as applicable based on the record before us.

Because Appellants lack standing, we grant Harvey's motion to dismiss. Accordingly, we dismiss this case.

PER CURIAM

PANEL: SUDDERTH, C.J.; WALKER and GABRIEL, JJ.

DELIVERED: July 19, 2018